IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

KATHLEEN CONLIFFE                                                    PLAINTIFF

1104 Oleanda Avenue

Louisville, Kentucky 40215


Case No. _3:16-cv-502-GNS_

Judge _Greg N. Stivers_


v.


ONE ADVANTAGE, LLC                                              DEFENDANT

7650 Magna Drive

Belleville, Illinois 62223

      SERVE:      CT Corporation System
                   208 S. LaSalle St., Ste. 814
                   Chicago, Illinois 60604
                   (BY KENTUCKY SECRETARY OF STATE)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Kathleen Conliffe, and for her Verified Complaint against the

Defendant, One Advantage, LLC ("One Advantage") states as follows:

### I.  PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages brought by Plaintiff, Kathleen

Conliffe, an individual consumer, against Defendant, One Advantage, for violation of the Fair

Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), which prohibits

debt collectors like One Advantage from unauthorized disclosure of consumer information to third parties.

## II.  PARTIES

2.      Plaintiff, Kathleen Conliffe, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1104 Oleanda Avenue, Louisville, Kentucky 40215.

3.      Defendant, One Advantage, is an Illinois corporation engaged in the business of collecting debt in the Commonwealth of Kentucky with its principal place of business located at 7650 Magna Drive, Belleville, Illinois 62223. The principal business purpose of One Advantage is the collection of debts and One Advantage regularly attempts to collect debts in the Commonwealth of Kentucky.

4.      One Advantage is engaged in the collection of debts from consumers using the mail and telephone.  One Advantage regularly attempts to collect consumer debts alleged to be due to another.  One Advantage is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## III.  JURISDICTION

5.      This Court has jurisdiction over this action: (1) pursuant to the FDCPA, 15 U.S.C. §1692k(d); (2) pursuant to 28 U.S.C. §1337; (3) pursuant to 28 U.S.C. §2201 and §2202; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant's doing business in Jefferson County, Kentucky.

## IV.  FACTUAL BACKGROUND

6.      On September 24, 2015, Plaintiff's daughter, Erin Conliffe, began receiving telephone calls from One Advantage regarding a debt allegedly owed to One Advantage by Plaintiff.  One Advantage called Erin Conliffe's cell phone five times in less than thirty minutes during the afternoon of September 24, 2015.

7.     Despite the fact that Plaintiff, not Erin Conliffe, owed the alleged debt, One Advantage's telephone calls to Erin Conliffe continued through September and October 2015.

8.     On November 5, 2015, Erin Conliffe answered One Advantage's telephone call and advised that she, Erin Conliffe, was not Kathleen Conliffe, that One Advantage was contacting the wrong person regarding the alleged debt, and that One Advantage's telephone calls to Erin Conliffe were harassing.

9.     During this same conversation on November 5, 2015, the One Advantage employee with whom Erin Conliffe was speaking revealed the alleged debt and the identity of the creditor to Erin Conliffe and acknowledged that One Advantage should have been trying to contact Kathleen Conliffe, not Erin Conliffe.

10.    Plaintiff has suffered humiliation, embarrassment, and physical and mental distress as a result of One Advantage's violations of the FDCPA.

## V.  CLAIMS

### Violation of the FDCPA

11.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 10 as if fully set forth herein.

12.    One Advantage violated the FDCPA.  One Advantage's violations of the FCDPA include, but are not limited to, violation of 15 U.S.C. §1692c(b) which prohibits One Advantage's disclosure of any information regarding the alleged debt to anyone other than the consumer.

13.    As a result of the foregoing violations of the FDCPA, One Advantage is liable to Plaintiff for declaratory judgment that One Advantage's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorneys' fees.

WHEREFORE, Plaintiff,  Kathleen Conliffe, respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.      Entry of a declaratory judgment that Defendant's conduct violated the FDCPA;

3.      Actual damages;

4.      Statutory damages pursuant to 15 U.S.C. §1692k;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth Street
Louisville, KY  40202
Phone, (502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

4

**<u>VERIFICATION</u>**

I, Kathleen Conliffe, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Kathleen Conliffe


COMMONWEALTH OF KENTUCKY          )
                                  )  SS
COUNTY OF JEFFERSON               )

Subscribed, sworn to and acknowledged before me by Kathleen Conliffe this ____ day of _____, 2015.

_____
Notary Public

Commission expires:_____